**In the Matter of SCHOKBETON INDUSTRIES, INC., Debtor.**

**No. 4145–70.**

United States District Court,
E. D. Texas,
Tyler Division.
July 16, 1971.

Jerry E. Bain, Tyler, Tex., for debtor.

Edmund L. Cogburn, Houston, Tex., for intervenor.

Charles F. Potter, Tyler, Tex., Stanley D. Bynum, Birmingham, Ala., for Schokbeton Products Corp.

Houston Abel, Asst. U. S. Atty., for Small Business Adm. and Internal Revenue Service.

## ORDER

JUSTICE, District Judge.

The facts of this controversy arise out of a 1964 licensing agreement entered into between the Petitioner, Schokbeton Products, Inc., as licensor, and the Respondent, Schokbeton Industries, Inc., as licensee. Under the agreement Respondent, Schokbeton Industries, Inc., in exchange for a stipulated royalty, obtained the exclusive right to manufacture and distribute Petitioner's dry concrete products in Texas and certain parts of Louisiana. Paragraph 17 of the agreement provided further that any default by the licensee remaining uncured for sixty days after receipt of written notice from the licensor would justify termination by the licensor.

Availing itself of Paragraph 17, Petitioner gave written notice on November 13, 1970, of default in payment of royalties. Shortly thereafter, on December 8, 1970, Respondent Schokbeton Industries, Inc., filed its initiating petition seeking an arrangement under Chapter XI of the Bankruptcy Act. On January 16, 1971, Petitioner gave final notice of termination of the agreement. It is undisputed that substantial royalties were due and payable on November 13, 1970, when notice was first given. It is also undisputed that this default had not yet been cured by the time of the receipt of the notice of January 16, 1971.

Thereafter a plan of rehabilitation was worked out in the arrangement proceeding providing for sale of the entire capital stock of Respondent, Schokbeton Industries, Inc., to Respondent, Arcrete, Inc., which would then operate the debt-or corporation as a wholly owned subsidiary. The 1964 license is an essential part of the plan of rehabilitation. The license is the primary asset of Schokbeton Industries, and the asset that makes the capital stock of Schokbeton Industries worth acquiring. Without the license the plan apparently fails.

Petitioner, contending that the 1964 agreement was justifiably terminated on January 16, 1971, has now sought to license another corporation, called Kirby-Schokbeton. Respondents contend that the original license is still in force. The Referee in Bankruptcy, agreeing with the Respondents, on June 21, 1971, ordered the Petitioner to refrain from interfering with, terminating, or impairing the rights of Respondent, Schokbeton Industries, Inc., to the 1964 agreement. The validity of that order is now before this court in a petition for review.

■ Under a familiar principle of bankruptcy law, a duly appointed and qualified trustee in bankruptcy succeeds to title to the property of the bankrupt and takes the same interest in that property as the bankrupt himself had. Bankruptcy Act § 70(a), 11 U.S.C.A. § 110(a) (1964). This principle is also applicable if the trustee, by authority of § 70(b) of the Bankruptcy Act, assumes an executory contract of the bankrupt. In order to obtain the benefits of an assumed contract, the trustee must also accept the burdens of the contract as they existed when the contract was in the hands of the bankrupt. *E.g.,* Thompson v. Texas Mexican Ry. Co., 328 U.S. 134, 141, 66 S.Ct. 937, 90 L.Ed. 1132 (1945); Kirby v. United States, 329 F.2d 735, 737 (10th Cir. 1964); Greif Bros. Cooperage Co. v. Mullinix, 264 F. 391, 397 (8th Cir. 1920); Lindeke v. Associates Realty Co., 146 F. 630, 640 (8th Cir. 1906).

■ The same principles are applicable to proceedings under Chapter XI of the Bankruptcy Act by virtue of § 302, 11 U.S.C.A. § 702 (1964), which provides that the provisions of Chapters

I to VII of the Act are applicable to proceedings under Chapter XI except where inconsistent. That these principles are not inconsistent with the provisions for proceedings under Chapter XI is established by §§ 313(1) and 342 of the Act, 11 U.S.C.A. §§ 713, 742 (1964), which provide, respectively, that the court in arrangement proceedings may permit the debtor to reject his executory contracts, and that a debtor in possession shall have the title of a trustee in bankruptcy.

 Applying the above principles to the facts before the court, it is noted that on December 18, 1970, the Referee entered an order allowing Respondent to remain in possession and to operate the company. At that time, Respondent debtor acquired the title of a duly appointed trustee in bankruptcy. As such, the debtor had no greater right in the license than it had before it filed its petition in arrangement. The burdens of the license accompanied its benefits. The jurisdiction given by § 313(1) to permit the rejection of executory contracts of the debtor does not affect the right, if any, of the other party to the contract to terminate. 8 W. Collier, Bankruptcy 225 (14th ed. Moore 1966). Therefore, failure of Respondent, Schokbeton Industries, Inc., to pay the overdue royalties within sixty days stipulated by the contract justified Petitioner in terminating the license under ordinary principles of contract law.

Respondents rely heavily on the second sentence of Section 11(e) of the Bankruptcy Act, 11 U.S.C.A. § 29(e) (1964), as authorizing the order of the Referee. That sentence provides in pertinent part that limitation periods imposed by contract will be extended for a period of sixty days after the date of adjudication of bankruptcy if such limitations have not run at the time of adjudication. The language of the second sentence and the thrust of subsection (e) taken as a whole indicate that the extension of time is properly allowed only if the running of the limitation period is such that would prevent assertion by the trustee of a cause of action that accrued in favor of the bankrupt before the adjudication occurred. But in the instant case, the payment of the royalties within the sixty day period was not required to preserve a cause of action accruing to the debtor before the date of the filing the petition in arrangement. On the contrary, the payment was required to prevent a cause of action from accruing in favor of the Petitioner. *See* 1 W. Collier, Bankruptcy 1196, 1202–03 (14th ed. Moore 1967).

In view of the court's decision regarding the referee's order, it is unnecessary to pass on the merits of the contentions of petitioner and respondents regarding the alleged infirmity in the approval of the plan by the creditors of Schokbeton Industries.

Accordingly, it is ordered that the injunction heretofore issued by the referee against Petitioner in his order of June 22, 1971, shall be, and it is hereby, set aside and dissolved.